

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-72,712-04

### EX PARTE LEONARD FARRELL WILLIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 15CR1465-83-1 IN THE 122ND DISTRICT COURT
### FROM GALVESTON COUNTY

*Per curiam*. SLAUGHTER, J., not participating.

## O R D E R

Applicant was convicted of sexual assault and sentenced to forty years' imprisonment. The Fourteenth Court of Appeals affirmed his conviction. *Willis v. State*, No. 14-17-00559-CR (Tex. App. — Houston [14th Dist.] April 30, 2019) (not designated for publication). Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

The record indicates that an Article 11.07 habeas application challenging this conviction was filed by habeas counsel in the trial court on November 18, 2020. That application was not signed by Applicant himself, but includes the "Petitioner's Statement" signed by habeas counsel, certifying that counsel has consulted with Applicant and that Applicant has given consent for the filing of the

application on his behalf. Applicant alleges that he filed an amended application in the trial court on November 26, 2020. Although the trial court entered a timely order designating issues as to the claims raised in the application filed by habeas counsel and subsequently entered findings of fact and conclusions of law addressing those claims, there is no indication that Applicant's amended application was received or filed in the trial court, or that the claims raised therein were ever addressed by the trial court. The amended application was not included in the habeas record forwarded to this Court.

Based on correspondence in the record between Applicant and the Galveston County District Clerk's Office, it appears that Applicant wants his amended application to be considered. The correspondence also indicates that Applicant did not retain habeas counsel to file an application on his behalf. However, Applicant does not allege that he wants the application filed by habeas counsel to be disregarded; rather, he appears to want both applications to be considered.

We remand this application to the trial court to obtain an affidavit from habeas counsel confirming that she consulted with Applicant regarding the filing of the habeas application, and obtained his consent to the filing of the application. In addition, the Galveston County District Clerk should submit an affidavit stating whether Applicant's amended application was ever received and filed in the district court. If the amended application was filed but not included in the habeas record, the trial court shall ensure that the habeas record is supplemented with a copy of the amended application, as well as any responses and findings of fact necessary to address the claims raised in the amended application. The trial court shall make findings of fact and conclusions of law within thirty days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and

transcripts from hearings and depositions.  *See* TEX. R. APP. P. 73.4(b)(4).  Any extensions of time must be requested by the trial court and obtained from this Court.


Filed: June 9, 2021
Do not publish